IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No: 3:08CV125-MU

B. VITTAL SHENOY, M.D.,

         **Plaintiff,**

v.

CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, dba CAROLINAS HEALTHCARE SYSTEM, MERCY HEALTH SERVICES, INC., MERCY HOSPITAL, INC., JAMES E.S. HYNES, MICHAEL C. TARWATER, PAUL S. FRANZ, C. CURTIS COPENHAVER, WILLIAM K. BROWN, DENNIS J. PHILLIPS, CAROLINAS PATHOLOGY GROUP, P.A., EDWARD H. LIPFORD, M.D., MARIE-CLAIRE C. MARROUM, M.D., FILMON M. SEXTON, M.D. and SANFORD P. BENJAMIN, M.D.,

         **Defendants.**

**CONSENT PROTECTIVE ORDER**

Upon Joint Motion for Consent Protective Order by Defendants The Charlotte-Mecklenburg Hospital Authority, Mercy Health Services, Inc., Mercy Hospital, Inc., James E.S. Hynes, Michael C. Tarwater, Paul S. Franz, C. Curtis Copenhaver, William K. Brown, Dennis J. Phillips, (jointly the "CHS Defendants"), Carolinas Pathology Group, P.A., Edward H. Lipford, M.D., Marie-Claire C. Marroum, M.D., Filmon M. Sexton, M.D. and Sanford P. Benjamin, M.D., (jointly the "CPG Defendants"), and Plaintiff B. Vittal Shenoy, M.D. ("Shenoy"), and for good cause shown, the Court enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c).

**IT IS THEREFORE ORDERED:**

1. That the documents, testimony, interrogatory answers and other information in the following categories shall be kept confidential and shall not be disclosed to anyone except as set forth below:

1

(a) All proprietary business, personnel and medical records or information that any party designates as "CONFIDENTIAL" and produces to another party in response to that party's interrogatories, requests for production of documents, or other discovery requests;

(b) The contents of such "CONFIDENTIAL" documents; and

(c) All documents and deposition testimony that contain or reference the medical records of any patient or any other individually identifiable health information protected by HIPAA, including but not limited to the "CONFIDENTIAL" documents and their contents.

2. That the documents, testimony and information in the categories listed above shall be filed with the Court under seal.

3. That the documents, testimony and information in the categories listed above may be disclosed only to the following in connection with their use at trial and in preparation for trial: the parties; counsel, including other attorneys in the same firm and their clerical and paralegal employees; expert witnesses if retained by either party to testify in this case; or witnesses, but only such documents, testimony and other evidence that relate directly to that witness or the testimony of that witness may be disclosed to a non-party witness.

4. That Plaintiff and Defendants will redact any patient's personally identifiable information from documents produced or filed in this case to protect the patient's confidential personal and health information and his or her privacy rights.

5. That each person subject to this Order shall review and consent to the terms of this Order before viewing any of the documents or other materials protected by this Order.

6. That neither the originals nor copies of such "CONFIDENTIAL" documents, discovery responses, or deposition transcripts may be given to anyone other than the parties or their counsel as described.

7. In addition to the designation of "CONFIDENTIAL" information, either party may, in accordance with the procedure set forth in paragraph 8 below, designate as "CONFIDENTIAL ATTORNEYS' EYES ONLY " those certain documents, information or testimony which the party asserts in good faith contain confidential, competitive, proprietary, personnel, and medical records or information that are entitled to greater protection than "CONFIDENTIAL" information.

8. The procedures for designating and handling "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be the same as set forth in the paragraphs above, except that all such documents and information shall be marked with the words "CONFIDENTIAL ATTORNEYS' EYES ONLY."

9. That following the conclusion of the trial in this case and expiration of all periods for appeal or following any other final resolution of this matter, the originals and all copies of the "CONFIDENTIAL" and "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents that are patient medical records or otherwise subject to HIPAA shall be returned to the medical provider.

10. That this Protective Order does not affect the right of any party to challenge the designation of any information or document as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."

11. That except as HIPAA requires the return of patient medical records to the health care provider that produced them, the final disposition of "CONFIDENTIAL" and "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents shall be subject to further order of the Court.

12. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of this Agreement, or the subject matter thereof. Upon receiving notice from any party that materials have been inadvertently produced, they shall be promptly returned to the party that produced the materials inadvertently. Such return shall not be deemed an admission or concession regarding any claimed privilege or protection under this Agreement.

13. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14. This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further Order of this Court upon motion and notice.

Signed: March 1, 2010

Graham C. Mullen
United States District Judge