# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:08-CV-0125-GCM

| | |
|---|---|
| B. VITTAL SHENOY, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG HOSPITAL )<br>AUTHORITY, d/b/a CAROLINAS )<br>HEALTHCARE SYSTEM, MERCY HEALTH )<br>SERVICES, INC., MERCY HOSPITAL, INC., )<br>MICHAEL C. TARWATER, PAUL S. FRANZ, )<br>C. CURTIS COPENHAVER, WILLIAM K. )<br>BROWN, DENNIS J. PHILLIPS, JAMES E. S. )<br>HYNES, CAROLINAS PATHOLOGY )<br>GROUP, P.A., EDWARD H. LIPFORD, M.D., )<br>MARIE-CLAIRE C. MARROUM, M.D., )<br>FILMON M. SEXTON, M.D., and SANFORD )<br>P. BENJAMIN, M.D., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To Take Additional Depositions And Limited Additional Discovery" (Document No. 94). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will grant the motion, with modification.

## BACKGROUND

Plaintiff B. Vittal Shenoy, M.D. ("Plaintiff") filed a "Complaint" (Document No. 1) initiating this action on March 21, 2008. Plaintiff then filed an "Amended Complaint" (Document No. 22) on April 24, 2008, and a "Second Amended Complaint" (Document No. 72) on June 4, 2009. Following a motion hearing on August 26, 2009, the Honorable Graham C. Mullen issued

an "Order" (Document No. 76) dismissing several claims from the Second Amended Complaint and thus significantly pruning the case from a "jungle" to a "garden variety contract dispute." (Document No. 90, p.4).

The "Pretrial Order And Case Management Plan" (Document No. 84) was entered on February 19, 2010, allowing each party to "propound no more than **25** single part interrogatories; and . . . depose no more than **6** fact witnesses without prior approval of the court" and to "submit a maximum of **25** requests for admission by each party to any other party." (Document No. 84, p.1). The "Pretrial Order And Case Management Plan" set deadlines for discovery completion – October 25, 2010; motions – November 29, 2010; and trial – March 7, 2011. (Document No. 84, p.2). On November 22, 2010, the parties provided a status report proposing new case deadlines. (Document No. 93). Then on November 30, 2010, Plaintiff filed the pending motion for additional depositions and discovery. (Document No. 94).

Judge Mullen issued an "Order" (Document No. 96) on December 2, 2010, modifying the "Pretrial Order..." as follows: Plaintiff's Expert reports due October 29, 2010; Defendant Expert reports due December 10, 2010; discovery deadline January 15, 2011 for fact witness depositions, and January 31, 2011 for expert depositions; motions for summary judgment due March 3, 2011. On February 24, 2011, Judge Mullen granted the parties' "Joint Motion For Extension Of Motions Deadline" (Document No. 103), and thereby made the motions deadline contingent on the Court's decision regarding the pending motion for additional depositions and discovery. (Document No. 104). "Plaintiff's Motion For Leave To Take Additional Depositions And Limited Additional Discovery" was referred to the undersigned on March 30, 2011. The pending motion has been fully briefed and is ripe for disposition.

**DISCUSSION**

Plaintiff's pending motion seeks leave to take an additional eight (8) depositions, not to exceed a total of twenty-four (24) hours, including 30(b)(6) depositions of corporate defendants and short depositions of certain individuals. (Document No. 94, p.3; Document No. 95, p.6). Plaintiff's counsel contends that she requested leave to take additional depositions at a status conference, and that "the Court intimated that additional depositions could be allowed, if they were limited and focused. Plaintiff also seeks leave to serve interrogatories and requests for admission within the limitations of the original Pretrial Order, as well as five additional document requests. Id.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c).

Defendants contend, *inter alia,* that the additional discovery sought is irrelevant, overly burdensome, cumulative, and duplicative, and that Plaintiff has failed to establish good cause for his request. (Document No. 97, p.2; Document No. 98, pp.4-5). In reply, Plaintiff argues that Defendants are responsible for delays that contributed to the current discovery dispute and that good cause has been shown for the discovery requested.

After careful review of the briefs and the record, the undersigned is not convinced that all the additional discovery Plaintiff seeks by his motion is relevant, or sufficiently "limited and focused." However, according broad and liberal construction to the rules of discovery, the undersigned will allow Plaintiff the opportunity to conduct additional discovery; provided it is properly "limited and focused" and is relevant to the remaining claims in this action. The undersigned will decline to determine exactly which depositions may be held, or for how long, but certainly Plaintiff's pursuit of additional depositions must be consistent with the Rules, as well as the expectations outlined by this Court. The Plaintiff will also be allowed an extension of time to serve discovery requests, within the limitations set forth in the "Pretrial Order And Case Management Plan" (Document No. 84); however, to the extent Plaintiff's motion seeks to serve additional discovery requests, it will be denied.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To Take Additional Depositions And Limited Additional Discovery" (Document No. 94) is **GRANTED**, with modification. Plaintiff may take up to **four (4)** additional depositions, not to exceed a total of **sixteen (16)** additional hours of deposition.

**IT IS FURTHER ORDERED** that Plaintiff may serve interrogatories and requests for admissions, within the numerical limitation of the original Pretrial Order, on or before **April 15, 2011**.

**IT IS FURTHER ORDERED** that the new deadline for the completion of all discovery is **June 1, 2011**. The new motions deadline is **July 1, 2011**.

**SO ORDERED**.

Signed: April 8, 2011

David C. Keesler
United States Magistrate Judge