# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:08-CV-125-GCM

| | |
|---|---|
| B. VITTAL SHENOY, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG HOSPITAL )<br>AUTHORITY, d/b/a CAROLINAS )<br>HEALTHCARE SYSTEM, MERCY HEALTH )<br>SERVICES, INC., MERCY HOSPITAL, INC., )<br>MICHAEL C. TARWATER, PAUL S. FRANZ, )<br>C. CURTIS COPENHAVER, WILLIAM K. )<br>BROWN, DENNIS J. PHILLIPS, JAMES E. S. )<br>HYNES, CAROLINAS PATHOLOGY )<br>GROUP, P.A., EDWARD H. LIPFORD, M.D., )<br>MARIE-CLAIRE C. MARROUM, M.D., )<br>FILMON M. SEXTON, M.D., and SANFORD )<br>P. BENJAMIN, M.D., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendant Carolinas Pathology Group, P.A.'s "Motion For Protective Order Concerning Rule 30(b)(6) Deposition..." (Document No. 108); "Plaintiff's Motion To Compel And For Sanctions" (Document No. 109); and "Defendant The Charlotte-Mecklenburg Hospital Authority's Motion For Protective Order Limiting Rule 30(b)(6) Deposition" (Document No. 123). These motions were referred to the undersigned Magistrate Judge on July 6, 2011, pursuant to 28 U.S.C. § 636(b), and are now ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motions in part, and deny the motions in part.

## BACKGROUND

Plaintiff B. Vittal Shenoy, M.D. ("Plaintiff") filed a "Complaint" (Document No. 1)

initiating this action on March 21, 2008. Plaintiff then filed an "Amended Complaint" (Document No. 22) on April 24, 2008, and a "Second Amended Complaint" (Document No. 72) on June 4, 2009. Following a motion hearing on August 26, 2009, the Honorable Graham C. Mullen issued an "Order" (Document No. 76) dismissing several claims from the Second Amended Complaint and thus significantly pruning the case from a "jungle" to a "garden variety contract dispute." (Document No. 90, p.4). Purportedly, Judge Mullen informed the parties at the conclusion of the hearing that it was his hope that the parties could now proceed to discovery on the real issues in this case.

The "Pretrial Order And Case Management Plan" (Document No. 84) was entered on February 19, 2010, allowing each party to "propound no more than **25** single part interrogatories; and . . . depose no more than **6** fact witnesses without prior approval of the court" and to "submit a maximum of **25** requests for admission by each party to any other party." (Document No. 84, p.1). The "Pretrial Order And Case Management Plan" set deadlines for discovery completion – October 25, 2010; motions – November 29, 2010; and trial – March 7, 2011. (Document No. 84, p.2). Case deadlines have been subsequently revised pursuant to the Court's Order on June 21, 2011; the current deadline for summary judgment motions is October 17, 2011, and the case is set for trial March 5, 2012.

"Plaintiff's Motion For Leave To Take Additional Depositions And Limited Additional Discovery" was referred to the undersigned on March 30, 2011. On April 8, 2011, the undersigned granted "Plaintiff's Motion For . . . Additional Discovery" with modification. (Document No. 106). The Court "according broad and liberal construction to the rules of discovery," allowed Plaintiff to conduct additional discovery "**provided it is properly 'limited and focused' and relevant to the remaining claims in this action**." (Document No. 106, p.4) (emphasis added). The Order

2

specifically allowed Plaintiff to take up to four (4) additional depositions, not to exceed sixteen (16) hours, and allowed Plaintiff to serve interrogatories and requests for admission within the numerical limitation of the original "Pretrial Order...." Id.

Defendant Carolinas Pathology Group, P.A.'s ("Defendant CPG") "Motion For Protective Order Concerning Rule 30(b)(6) Deposition..." (Document No. 108) was filed May 16, 2011; "Plaintiff's Motion To Compel And For Sanctions" (Document No. 109) was filed May 31, 2011; and "Defendant The Charlotte-Mecklenburg Hospital Authority's Motion For Protective Order Limiting Rule 30(b)(6) Deposition" (Document No. 123) was filed July 7, 2011. Following various extensions of time to respond and reply, all of the pending motions were ripe for review by August 5, 2011.

## DISCUSSION

**A. Defendant CPG's "Motion For Protective Order Concerning Rule 30(b)(6) Deposition..." (Document No. 108).**

Defendant CPG seeks a protective order regarding a notice of a deposition served on May 11, 2011. (Document No. 108, p.4). Defendant CPG contends that the notice "was not timely served and that many of the proposed 'Topics for Deposition' defined in the notice are, in whole or in part, overly broad, unduly burdensome, unduly cumulative, and seek information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence." (Document No. 108, p.1). The undersigned finds Defendant CPG's arguments persuasive.

As an initial matter, the undersigned observes that the Court in its discretion allowed Plaintiff the opportunity to conduct *additional* discovery, beyond that which is typically allowed; however, the Court explicitly instructed Plaintiff that such discovery be limited, focused, and relevant to the

3

remaining claims in this action. (Document No. 106). Plaintiff's remaining claims against Defendant CPG are: (1) breach of employment contract; (2) section 1983 claim based on due process rights; (3) section 1983 claims based on free speech rights; and (4) a claim of retaliatory termination under the False Claims Act. (Document No. 108, p.4). It appears that Plaintiff has failed to adequately heed the guidance of both Judge Mullen and the undersigned, to narrow any additional discovery to issues relevant to these remaining claims.

The undersigned finds that Defendant CPG makes a sound argument regarding the timeliness of the underlying deposition notice; moreover, the Court finds that Defendant CPG's "proposed compromise topics" are imminently reasonable and provided a fair resolution to this discovery dispute on May 13, 2011. (Document No. 108, pp.3-4; Document No. 108-4, pp.1-3).

Based on the foregoing, the undersigned will <u>grant</u> Defendant CPG's "Motion For Protective Order..." (Document No. 108) and require that the Rule 30(b)(6) deposition of Defendant CPG be limited to the topics as proposed in Document No. 108-4, or to the extent the parties can otherwise agree. Defendant CPG's 30(b)(6) deposition shall be held as soon as practicable, but not later than **September 12, 2011**.

**B. "Plaintiff's Motion To Compel And For Sanctions" (Document No. 109).**

Plaintiff seeks to compel Defendant CPG and The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas Healthcare System ("Defendant CHS") (together "Defendants") to produce documents responsive to seventy-nine (79) requests which Plaintiff contends are highly relevant to Plaintiff's claims. (Document No. 110, p.5). Defendants first argue that Plaintiff's motion to compel is untimely. (Document Nos. 117 and 119). The undersigned agrees.

It appears that the extensions of time sought by the parties, and allowed by the Court, since the expiration of the original discovery deadline on October 25, 2010, and the motions deadline of

November 29, 2010, were intended by all concerned to be for the purposes of completing depositions, limited additional discovery, and filing summary judgment motions. See (Document Nos. 84, 96, 104, 106). In fact, the most recent motion seeking to extend case deadlines, the parties' "Joint Motion To Alter Summary Judgment Motion Deadline And To Continue Trial Date" provided in pertinent part as follows:

> 1. The original motions deadline in this matter expired November 29, 2010.
>
> 2. By order of December 2, 2010, the Court extended the motions deadline, **for summary judgment motions**, to March 3, 2011. **This deadline** has since been extended to July 1, 2011.
>
> 3. The original discovery deadline in this matter expired October 25, 2010. **A limited extension of the discovery deadline** expired June 1, 2011.

(Document No. 116) (emphasis added).

Plaintiff now asserts in its reply brief in support of the motion to compel that its motion is timely since it was filed prior to the June 1, 2011, close of discovery and the July 1, 2011, motions deadline. Plaintiff's instant motion, however, addresses discovery requested and responded to prior to the October 25, 2010, discovery deadline. As the parties acknowledged in their recent joint motion, the extended motions deadline was for summary judgment, and discovery was extended for the limited purpose of completing depositions and possibly other limited and focused *additional* discovery, as allowed by the Court on April 8, 2011. (Document No. 106, 116). The instant motion runs counter to the clear purpose of the deadlines, as recognized by Plaintiff himself. The Court did not explicitly, or implicitly, extend any deadlines for the purpose of allowing a party to file a motion to compel six months or more after the applicable deadlines, nor did Plaintiff ever request an extension of time to file its motion to compel. In contrast, the two other motions addressed by this

Order relate to additional limited discovery allowed by the Court on April 8, 2011, and are timely filed.

Despite the delays, this case is entering its final phase, as it should. As Defendants suggest, the time for Plaintiff to complain about Defendants' responses to his production requests that were provided in October 2010, has passed. Based on the foregoing, the undersigned will <u>deny</u> "Plaintiff's Motion To Compel And For Sanctions" (Document No. 109).

**C. Defendant The Charlotte-Mecklenburg Hospital Authority's Motion For Protective Order Limiting Rule 30(b)(6) Deposition" (Document No. 123)**.

Like Defendant CPG, Defendant CHS also seeks limitations on its 30(b)(6) deposition. Defendant CHS received a notice of deposition from Plaintiff on or about May 12, 2011, listing 17 topic areas. Defendant CHS contends that much of the information sought is over a decade old, and that all but two (2) of the proposed deposition topics are irrelevant to the actual claims or defenses, unreasonably duplicative, and/or unduly burdensome. (Document No. 123, p.2).

As explained above, the Court allowed Plaintiff the opportunity to conduct some *additional* discovery; however, the Court instructed that such discovery be limited and relevant to the remaining claims. Plaintiff's remaining claims against Defendant CHS are: (1) section 1983 based on free speech; (2) section 1983 based on due process; (3) retaliation under False Claims Act; (4) breach of contract; and (5) tortious interference with contract. (Document No. 126, p.2). Defendant CHS contends that

> The only action by any of the CHS Defendants related to Plaintiff was the March 18, 2005 request by Curtis Copenhaver, formerly president of CMC-Mercy and responsible for CMC-Pineville, that CPG remove Plaintiff as medical director of the pathology laboratory and as a pathologist assigned to CMC-Pineville. . . . The uncontroverted evidence shows that Mr. Copenhaver made the decision to request Plaintiff's removal due to Plaintiff's hostile,

6

> unprofessional outbursts and verbal attacks in March 2005 during medical staff meetings. . . . . In deposition, Plaintiff conceded his outbursts were inappropriate, and described one outburst as "a ten minute – you know, it was a bully pulpit. I … used the opportunity to … reprimand individuals. … My voice, of course, definitely I raised a little bit." Mr. Copenhaver testified that after witnessing these outbursts he made the decision to request that CPG remove Plaintiff from his assignment at CMC-Pineville.

(Document No. 126, p.3) (internal citations omitted). Defendant CHS argues that in light of the actual claims remaining, "the relevant issues are quite narrow – the circumstances surrounding Mr. Copenhaver's decision to request Plaintiff's removal as medical director, the motivation behind Mr. Copenhaver's decision, and any consequences of Mr. Copenhaver's decision." (Document No. 126, p.6).

"Plaintiff's Consolidated Memorandum Of Law Regarding Discovery Motions" (Document No. 129) includes Plaintiff's response to Defendant CHS's pending motion.[1] In short, Plaintiff argues that Defendant CHS takes an erroneously narrow view of relevance to the remaining claims and defenses in this lawsuit. See (Document No. 129, pp.4–6, 31-40).

The undersigned will briefly address the disputed deposition topics. The Court notes that of the 17 deposition topics in the deposition notice, topics 10 and 11 are not objected to, and Plaintiff has withdrawn topic 13. (Document No. 133, p.3).

1. Topic 1

This topic refers to a Corporate Compliance Complaint purportedly made by Plaintiff in 1998. The undersigned agrees with Defendant CHS that it would be unduly burdensome to prepare

---

[1] "Plaintiff's Consolidated Memorandum Of Law..." is forty-one (41) pages long. The Local Rules provide that "the page limit for any brief is 25 pages." Local Rule 7.1 (D). The Court assumes Plaintiff's consolidation was well-intentioned; however, the undersigned finds that Plaintiff's brief consolidating a response to one motion, and a reply to another motion, violated the Local Rules and unnecessarily complicated the Court's review of the issues.

7

a witness to discuss the specifics of the related investigation. Plaintiff may seek testimony more generally related to Plaintiff's alleged "lack of cooperation in many ways during the last ten years" referenced in (Document No. 192-2).

2. Topic 2

This topic relates to a *qui tam* action apparently filed by Plaintiff and a related OIG investigation. The undersigned is persuaded that testimony on this subject would be duplicative and/or irrelevant to the remaining claims. See (Document No. 129, p.33; Document No. 133, p.6).

3. Topic 3

This topic relates to the "Sunquest Co-Path System" and Plaintiff contends that it seeks information "calculated to lead to the discovery of admissible evidence of CPG's entertwinement with a public entity." (Document No. 129, p.14). For the reasons stated by Defendant CHS, the undersigned agrees that testimony on this topic should not be required. See (Document No. 126, p.9; Document No. 133, p.7).

4. Topic 4

This topic seeks testimony related to a "Bar Code Tracking System." Based on the arguments before the Court, the undersigned is persuaded by Defendant CHS' position that its decision to use or not use this system is irrelevant to the claims and defenses in this action. See (Document No. 133, p.7).

5. Topic 5

This topic relates to a payment of $170,000 from Defendant CPG to Defendant CHS. The undersigned is not persuaded that this issue is sufficiently related to any claims or defenses to be an appropriate topic at deposition. See (Document No. 133 p.8).

6. Topic 6

For the reasons stated by Defendant CHS, the undersigned finds the testimony requested here regarding information communicated to the CHS Board to be overly burdensome, and most likely irrelevant. See (Document No. 126, p.11; Document No. 133 pp.8-9).

7. Topics 7 and 8

For the reasons stated by Defendant CHS, the undersigned is not convinced that the procedure for investigating incident reports, or for handling corporate compliance complaints, are sufficiently related to the claims in this lawsuit to be topics of the proposed deposition. See (Document No. 133, pp.9-10).

8. Topic 9

By this topic, Plaintiff seeks "a person responsible for the oversight and management of financial matters for CMC-Pineville and the CLN during the relevant time period, who can answer questions about cost sharing between CHS and CPG and its affiliates." (Document No. 129, p.37). Again, the undersigned is not persuaded that this topic has any relevance to the remaining claims or defenses.

9. Topic 12

In this proposed topic, Plaintiff seeks information about complaints against other physicians who practiced in CHS Mecklenburg County hospitals. The topic is without any limitation as to the time period. The undersigned also notes that in support of this topic, Plaintiff states that he "is entitled to know what CHS considers disruptive or inappropriate speech or behavior." (Document No. 129, p.38). The undersigned finds that the topic as defined in the notice of deposition is overly broad and not sufficiently related to the remaining issues in this lawsuit. To the extent Plaintiff seeks testimony related to Defendant CHS' response or reaction to *his* speech and conduct specifically, or acceptable speech and conduct by employees in general, such testimony will be

allowed.

 10. Topic 14

The undersigned is unconvinced that the individual CHS Defendants' performance, compensation, evaluations, bonuses or goals have any relevance to this lawsuit. Moreover, Plaintiff's response fails to articulate any argument for why he seeks this information. As such, this proposed topic is one of the clearest examples of Plaintiff's failure to heed the Court's instruction that the additional discovery allowed be properly limited and focused and relevant to the remaining claims.

 11. Topic 15

Under this topic, Plaintiff seeks information regarding the identity of the source and custodian for all documents and files produced. Defendant CHS contends that it has provided a chart to Plaintiff's counsel that identifies the source of all documents produced by CHS Defendants in this case. (Document No. 133, p.11). The undersigned finds Defendant CHS' response sufficient and will not require that a witness be made available to testify as to this topic.

 12. Topic 16

This topic seeks testimony related to Plaintiff's requests, or the requests of others for Plaintiff, for reinstatement, due process, or peer review of his removal. Defendant CHS contends this information is duplicative of other testimony, and that it is not relevant. (Document No. 126, p.15; Document No. 133, p.12). In this instance, the undersigned finds that testimony related to Plaintiff's removal and requests for reinstatement, due process, and/or peer review is appropriate.

 13. Topic 17

The last topic identified by Plaintiff's notice of deposition seeks testimony regarding "CHS Corporate defendants as public or government versus private entities." Defendant CHS argues that

further testimony on this topic would be duplicative and unduly burdensome. The undersigned agrees.

Based on the foregoing, the undersigned will <u>grant</u> in part and <u>deny</u> in part Defendant CHS' "...Motion For Protective Order Limiting Rule 30(b)(6) Deposition" (Document No. 123) as fully described above. Defendant CHS' 30(b)(6) deposition shall be held as soon as practicable, but not later than **September 12, 2011**.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant Carolinas Pathology Group, P.A.'s "Motion For Protective Order Concerning Rule 30(b)(6) Deposition..." (Document No. 108) is **GRANTED**, as described herein.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Compel And For Sanctions" (Document No. 109) is **DENIED**, as described herein.

**IT IS FURTHER ORDERED** that "Defendant The Charlotte-Mecklenburg Hospital Authority's Motion For Protective Order Limiting Rule 30(b)(6) Deposition" (Document No. 123) is **GRANTED in part** and **DENIED in part**, as described herein.

**SO ORDERED**.

Signed: August 12, 2011

David C. Keesler
United States Magistrate Judge