IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:08-CV-125-GCM-DCK

| | |
|---|---|
| B. VITTAL SHENOY, M.D.,                )<br>                                                              )<br>        **Plaintiff,**                              )<br>                                                              )<br>   v.                                                     )<br>                                                              )<br>CHARLOTTE-MECKLENBURG HOSPITAL    )<br>AUTHORITY, d/b/a CAROLINAS                )<br>HEALTHCARE SYSTEM, MERCY HEALTH )<br>SERVICES, INC., MERCY HOSPITAL, INC., )<br>MICHAEL C. TARWATER, PAUL S. FRANZ, )<br>C. CURTIS COPENHAVER, WILLIAM K.      )<br>BROWN, DENNIS J. PHILLIPS, JAMES E. S. )<br>HYNES, CAROLINAS PATHOLOGY             )<br>GROUP, P.A., EDWARD H. LIPFORD, M.D., )<br>MARIE-CLAIRE C. MARROUM, M.D.,         )<br>FILMON M. SEXTON, M.D., and SANFORD )<br>P. BENJAMIN, M.D.,                                  )<br>                                                              )<br>        **Defendants.**                           )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "CPG Defendants' Motion For Award Of Attorney's Fees And Supporting Memorandum Of Law" (Document No. 138) and "Plaintiff's Motion To Compel Proper Preparation For 30(B)(6) Deposition With Regard To Defendant Carolinas Pathology Group, P.A. ("CPG")" (Document No. 140). These motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are now ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will deny the motions.

**I. BACKGROUND**

Plaintiff B. Vittal Shenoy, M.D. ("Plaintiff") filed a "Complaint" (Document No. 1) initiating this action on March 21, 2008. Plaintiff then filed an "Amended Complaint" (Document

No. 22) on April 24, 2008, and a "Second Amended Complaint" (Document No. 72) on June 4, 2009. Following a motion hearing on August 26, 2009, the Honorable Graham C. Mullen issued an "Order" (Document No. 76) dismissing several claims from the Second Amended Complaint and thus significantly pruning the case from a "jungle" to a "garden variety contract dispute." (Document No. 90, p.4). Purportedly, Judge Mullen informed the parties at the conclusion of the hearing that it was his hope that the parties could now proceed to discovery on the real issues in this case.

The "Pretrial Order And Case Management Plan" (Document No. 84) was entered on February 19, 2010, allowing each party to "propound no more than **25** single part interrogatories; and . . . depose no more than **6** fact witnesses without prior approval of the court" and to "submit a maximum of **25** requests for admission by each party to any other party." (Document No. 84, p.1). The "Pretrial Order And Case Management Plan" set deadlines for discovery completion – October 25, 2010; motions – November 29, 2010; and trial – March 7, 2011. (Document No. 84, p.2).

On April 8, 2011, the undersigned granted "Plaintiff's Motion For . . . Additional Discovery" with modification. (Document No. 106). The Court "according broad and liberal construction to the rules of discovery," allowed Plaintiff to conduct *additional* discovery "**provided it is properly 'limited and focused' and relevant to the remaining claims in this action**." (Document No. 106, p.4) (emphasis added). The Order specifically allowed Plaintiff to take up to four (4) additional depositions, not to exceed sixteen (16) hours, and allowed Plaintiff to serve interrogatories and requests for admission within the numerical limitation of the original "Pretrial Order...." Id. Case deadlines were revised pursuant to the Court's Order on June 21, 2011; summary judgment motions were due by October 17, 2011, and the case is now set for trial March 5, 2012.

On August 12, 2011, the undersigned issued an "Order" granting Defendant Carolinas

Pathology Group, P.A.'s ("Defendant" or "CPG") "Motion For Protective Order Concerning Rule 30(b)(6) Deposition..." (Document No. 108);  denying "Plaintiff's Motion To Compel And For Sanctions" (Document No. 109);  and granting in part and denying in part "Defendant The Charlotte-Mecklenburg Hospital Authority's Motion For Protective Order Limiting Rule 30(b)(6) Deposition" (Document No. 123).  (Document No. 135).

Defendant's pending motion seeks an award of "attorney's fees and expenses incurred in successfully arguing" their "Motion For Protective Order..." (Document No. 108), and for successfully defending against "Plaintiff's Motion To Compel And For Sanctions" (Document No. 109). (Document No. 138).  Plaintiff's pending motion seeks to reopen the 30(b)(6) deposition of Defendant CPG, as well as an award of costs and attorney's fees.  (Document No. 140).

## II.  DISCUSSION

As noted above, the deadline for completing discovery was October 25, 2010;  additional limited discovery was allowed to be completed by June 1, 2011;  and dispositive motions were timely filed on October 17, 2011.  Each of the pending motions relates to additional discovery allowed by the Court, and specifically the 30(b)(6) deposition of Defendant CPG, which was finally held on September 12, 2011.

**A. "CPG Defendants' Motion For Award Of Attorney's Fees..." (Document No. 138)**.

Defendant CPG's "Motion For Protective Order..." (Document No. 108) opposed Plaintiff's "Amended Notice Of 30(b)(6) Video Deposition Of Carolinas Pathology Group, P.A." (Document No. 108-1), and sought an order "specifying a time for the deposition and forbidding inquiry into certain matters and/or limiting the scope of disclosure or discovery to certain matters."  (Document No. 108, p.1).  Ultimately, the Court granted Defendant CPG's motion, narrowing Plaintiff's list of topics from 18 to 11, and setting September 12, 2011 as the deadline to complete the deposition.

3

(Document No. 135). In the process, the undersigned determined that Defendant CPG's proposed limitations to the deposition testimony, suggested in a letter on May 13, 2011, were "imminently reasonable." (Document No. 108-4; Document No. 135, p.4).

Defendant CPG now argues that it must be awarded fees pursuant to Fed.R.Civ.P. 26(c)(3) and Fed.R.Civ.P. 37(a)(5) because it prevailed in its motion for protective order. (Document No. 138, p.3). However, Defendant also acknowledges that exceptions to these rules are applicable "where the opposing party's conduct was substantially justified and where an award of expenses would be unjust." (Document No. 138, p.4). "A position is substantially justified if 'there is a genuine dispute as to proper resolution or if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" (Document No. 138, p.2) (citing Proa v. NRT Mid Atlantic, Inc., 633 F.Supp.2d 209, 213 (D.Md. 2009); see also, Pierce v. Underwood, 487 U.S. 552, 565-566 n.2 (1988) ("a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.").

Although Defendant CPG sought a protective order concerning its Rule 30(b)(6) deposition, it did not wholly object to its 30(b)(6) deposition, or to the proposed topics in their entirety. In fact, the compromise proposed by Defendant, and eventually adopted by the Court, accepted, for the most part, 11 out of 18 of Plaintiff's deposition topics. (Document No. 108-4; Document No. 135). The undersigned is not persuaded that it was necessarily unreasonable for Plaintiff to oppose Defendant's "Motion For Protective Order..." (Document No. 8). In ruling on Defendant's motion for protective order, the Court essentially found that Plaintiff's interpretation of the bounds of the additional discovery he had been allowed was not *correct*; however, the undersigned is not persuaded that Plaintiff's position opposing that protective order was sufficiently unjustified, or unreasonable, to

4

now award fees and expenses to Defendant. It is indeed regrettable the parties could not reach complete agreement on the 30(b)(6) deposition topics and timing without the Court's intervention, but the undersigned will deny the "CPG Defendants' Motion For Award Of Attorney's Fees..." associated with its previous "Motion For Protective Order..." (Document No. 8).

Defendant also seeks fees and expenses for successfully defending against "Plaintiff's Motion To Compel And For Sanctions" (Document No. 109). (Document No. 138). By its motion to compel, Plaintiff sought to compel document production from Defendant CPG, as well as Defendant CHS. (Document No. 135). Applying the previous analysis to this portion of the instant motion, the undersigned again concludes that although Plaintiff's underlying interpretation of the Court's discovery expectations was not correct, under the circumstances, its motion to compel appears to have been substantially justified. The undersigned will therefore also deny Defendant's request for fees and expenses associated with "Plaintiff's Motion To Compel And For Sanctions" (Document No. 109).

**B. "Plaintiff's Motion To Compel..." (Document No. 140)**.

Plaintiff's current motion to compel seeks to reopen the 30(b)(6) deposition of CPG and to compel a "properly prepared witness." (Document No. 140, p.1). Plaintiff also seeks attorney's fees and costs related to its motion and the proposed deposition. Id. Plaintiff contends that CPG's 30(b)(6) designee, Dr. Edward Lipford, was "woefully unprepared to testify as to four of the 11 Topics."[1] (Document No. 140, p.2). In short, Plaintiff seeks an additional opportunity to conduct a portion of the limited additional discovery allowed by the undersigned in April 2011. (Document No. 106).

---

[1] Plaintiff's "Reply Brief..." indicates that he has since withdrawn the motion to compel as to at least one of the four contested topics, and part of another topic. (Document No. 164, pp.8-9).

Plaintiff also seeks to compel the production of various documents. (Document No. 140, pp.22-23).

Plaintiff brings this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Document No. 140, p.1; Document No. 142, p.1). While Rule 37 generally relates to motions to compel discovery, Plaintiff here specifically cites to Rule 37(d) which addresses, *inter alia*, a party's failure to attend its own deposition. (Document No. 142, p.9). Plaintiff contends that "[p]roducing an unprepared 30(b)(6) witness is tantamount to a failure to appear." Id. (citing United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996)).

The undersigned has carefully reviewed the parties' briefs, including excerpts of Dr. Lipford's testimony. These documents, along with the fact that Plaintiff is challenging the adequacy of the responses to three or four out of eleven deposition topics, do not lead the Court to conclude that Dr. Lipford was so unprepared for the 30(b)(6) deposition as to be tantamount to a failure to appear. After full consideration of the parties' arguments, the undersigned is not convinced that Defendant's challenged responses were so inadequate as to merit a new or continued deposition, or the production of additional documents, long after the close of discovery in this matter.

Based on the foregoing, "Plaintiff's Motion To Compel..." will be denied; moreover, the undersigned will decline to award fees or expenses to either party based on this motion.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "CPG Defendants' Motion For Award Of Attorney's Fees And Supporting Memorandum Of Law" (Document No. 138) is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Compel Proper Preparation For 30(B)(6) Deposition With Regard To Defendant Carolinas Pathology Group, P.A. ("CPG")" (Document Nos. 139 and 140) is **DENIED**.

**SO ORDERED**.

Signed: November 30, 2011

David C. Keesler
United States Magistrate Judge

7